UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BRADLEY, *et al.*, | ) | Case No.: 1:11 CV 17 |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WILLIAM D. MASON, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro se* Plaintiffs James Bradley and Robert Davis filed this action under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor William D. Mason, Cuyahoga County Sheriff Bob Reid and Cuyahoga County Jail Warden Ronald L. Shobert.  In the Complaint, Plaintiffs assert multiple causes of action pertaining to their convictions and conditions of confinement.  They seek monetary damages.

## I.  Background

The Complaint is divided into nine claims.  Each claim is based on distinct factual allegations.  The first claim pertains to Mr. Bradley.  He states he turned himself in to the Euclid Police Department on April 17, 2010 and served a 90 day jail sentence.  While he was in jail, he was indicted in the Cuyahoga County Court of Common Pleas on multiple felony charges in three separate criminal cases.  Mr. Bradley remained in jail pending trial on these charges.  During his

detention, he made several telephone calls to his former spouse.  He later was told by his attorney that his telephone calls were monitored by jail authorities.  He claims the contents of those conversations were used against him in one of the criminal cases.  Mr. Bradley asserts this is a violation of the Privacy Act.

The second claim also pertains to Mr. Bradley.  He claims he contracted Methicillin Resistent Staphlococcus Aureus ("MRSA") on August 3, 2010 in a shower in the Cuyahoga County jail.  He reported his symptoms to an officer who called medical personnel.  Mr. Bradley was immediately taken to the medical department and reclassified to that unit.  He was given intravenous antibiotics and topical wound care.  He remained in the medical ward for approximately forty-five days.  Upon his release to the general jail population, he was returned to his former housing unit.  He states the showers were "not cleaned afterwards." (Compl. at 5.)  Although doctors have assured him the infection is gone, his leg still becomes numb at times. He questions whether the infection is truly cured.

In the third claim, Plaintiffs generally assert deprivation of their Sixth and Fourteenth Amendment rights.  They indicate they were denied due process in their criminal cases when their respective attorneys requested continuances of their cases without obtaining their consent.  They assert it also led to denial of the right to speedy trial when the continuance was granted by the court.

Plaintiffs' fourth and fifth claims also assert a denial of due process in connection with a criminal proceeding.  In the fourth claim, Plaintiffs contend they were denied due process when their attorneys waived the preliminary hearings.  They assert they were denied the right to confront witnesses because this hearing was not held.  In the fifth claim, they assert they were "over indicted" and charged with offenses in later indictments which were not included in the original indictment.

2

They allege this is a tactic used by prosecutors to confuse defendants and keep them from preparing an intelligent defense.  They state they were not present in court for most scheduled court dates.  Finally, they contend the indictments did not contain the seal of Ohio and were not signed by the Prosecutor with his full legal name, thereby making them invalid.

Plaintiffs' sixth claim challenges the jail's removal of the law library.  They allege inmates are unable to conduct research to assist in their defenses, and cannot represent themselves if they choose to do so.  They assert that this can result in a denial of due process.  They claim other counties maintain a law library for detainees, and they were denied equal protection of the law.

In the seventh claim, Plaintiffs contend defense attorneys are forced to deny due process to their criminal clients.  They allege attorneys fear reprisals from Mr. Mason if they zealously represent their clients.

Plaintiffs' eighth claim pertains to conditions within the Cuyahoga County Jail.  Plaintiffs indicate cells originally designed to hold a single inmate often hold two inmates.  One inmate sleeps on a mattress on the floor.  They allege injuries could occur if an inmate trips over bedding.  They claim the common areas in the housing units do not contain sufficient seating for all of the inmates, so they must eat their meals in their cells.  Plaintiffs allege this is an unsanitary practice because each of the cells also contains a toilet.  They also contend spoons and trays are not sterilized after each use.

Finally, in their ninth claim, Plaintiffs generally assert the criminal justice system in the United States discriminates against African Americans in arrest, confinement, charging disparities, and plea bargaining.  They indicate these violations have "remained constant" from 2000-2010. (Compl. at 11.)

3

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard  *Id.*  In reviewing a Complaint under this standard, the Court must construe

---

[1]      An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  LAW AND ANALYSIS

#### A.  Parties

As an initial matter, it is not clear which individuals are the Plaintiffs in this action.  Mr. Bradley and Mr. Davis are listed as the Plaintiffs in the case caption, but neither of them signed the Complaint.  A letter from Cuyahoga County jail inmate Neil Lund is inserted into the middle of the pleading.  The letter asks the Court to send forms needed to file a civil rights action.  Mr. Lund did not sign the Complaint.  A list of fifty-one names and signatures is attached to the pleading.  Mr. Lund's signature was originally on that list, but later was blacked out.  Neither Mr. Bradley or Mr. Davis's signatures appear on that list.  Both Mr. Bradley and Mr. Davis filed Applications to Proceed *In Forma Pauperis*.  None of the individuals listed in the attachment submitted financial applications or paid the filing fee.

In general, a party may plead and conduct his or her case in person or through a licensed attorney.  *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction.  *See* 28 U.S.C. § 1654.  Although no signatures appear on the Complaint, Mr. Bradley and Mr. Davis list themselves as Plaintiffs and filed financial documents to pay the filing fee.  The Court can reasonably construe their actions as an indication of their intention to be considered as Plaintiffs in this case.  The other individuals listed in the attachment have not taken affirmative steps to suggest they wish to proceed as *pro se* Plaintiffs and accept financial responsibility for the filing of this case.  Furthermore, there is no indication that either Mr. Bradley

5

or Mr. Davis is an attorney.  They cannot represent the other inmates in court, even if those inmates consent to their representation.

It appears from the Complaint that Mr. Bradley and Mr. Davis are attempting to initiate a class action lawsuit.   In order to obtain class certification, a plaintiff must first satisfy the prerequisites set forth in Federal Civil Procedure Rule 23(a).  One or more members of a class may sue on behalf of all class members only if: (1) the class is too numerous for joinder of all parties; (2) there are questions of law or fact common to all; (3) the claims and defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a); *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir.2002). The party seeking class certification bears the burden of proof in this regard.  *See, e.g., Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir.2005).

Here, Plaintiffs failed to carry their burden.  First, the existence of the class must be pleaded and the limits of the class must be defined with some specificity.  *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir.1989) (quoting *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir.1976)).  Plaintiffs make no attempt to define the class and many of the claims are so specific to Mr. Bradley and Mr. Davis that they fail to demonstrate a question of law or fact common to the class.  There are no allegations suggesting how they would be typical of the claims of the other purported class members. Finally, *pro se* prisoners are not adequate representatives able to fairly represent a class. *See e.g., Palasty v. Hawk*, No. 00-5840, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000)); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, *1 (6th Cir. June 23, 2000)("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated pro se litigant without legal

6

training."); *Hammond v. O'Dea*, No. 91-5089, 1991 WL 78161, *2 (6th Cir. May 14, 1991)("[P]ro se prisoners are not adequate representatives fairly able to represent the class.").  Mr. Bradley and Mr. Davis have not met the prerequisites for establishing a class action lawsuit.  Because they cannot assert claims on behalf of others, this case shall proceed solely on the claims they have asserted.

### B.  Claim I.

Plaintiffs first claim fails to set forth a cause of action upon which relief may be granted.  Mr. Bradley claims the Defendants monitored his telephone calls from jail and used portions of those conversations against him in a criminal action.  He claims these actions were a "breach of the Privacy Act."  (Compl. at 5.)

The Privacy Act, 5 U.S.C. § 552a, specifically limits its relief for damages to civil actions against a federal agency.  *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1984).  The Defendants in this action are not federal agencies and consequently are not subject to suit under this statute.

It is possible Mr. Bradley may be attempting to assert a claim for violation of the Fourth Amendment.  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause ...." U.S. Const. amend. IV (emphasis added).  These constitutional protections hinge on the occurrence of a "search."  *See Kyllo v. United States*, 533 U.S. 27, 32 (2001)(discussing "when a search is not a search").  A search is defined in terms of a person's "reasonable expectation of privacy."  *Widgren v. Maple Grove Tp.,*  429 F.3d 575, 578 (6th Cir. 2005).  For the Fourth Amendment protections to apply, the individual must have a subjective expectation of privacy in the object of the challenged search, and society must be

7

willing to recognize that expectation as reasonable. *California v. Ciraolo*, 476 U.S. 207, 211 (1986). In this case, society does not acknowledge that a prisoner has a reasonable expectation of privacy in telephone calls made from within the jail to individuals other than his attorney. *See U.S. v. Adams,* Nos. 07-5162, 07-5725, 2009 WL 1011205, at * 12 (6th Cir. April 15, 2009)(finding inmate had no reasonable expectation of privacy in out-going telephone call); *Smith v. Bradley* No. 94-5351, 1995 WL 241996, at *4 (6th Cir. April 25, 1995)(holding that if security concerns can justify strip and body-cavity searches, and wholly random cell searches, then it is reasonable to monitor prisoners' telephone conversations); *see also United States v. Paul*, 614 F.2d 115, 116 (6th Cir. 1980)(recognizing that the Fourth Amendment allows jail officials to intercept conversations between inmates and their visitors). Monitoring Mr. Bradley's telephone calls with his former spouse was not a "search" protected by the Fourth Amendment. Even if monitoring the calls were construed to be a search, this claim would be precluded because it calls into question the validity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

To the extent Mr. Bradley intended to bring a claim other than one that arises under the Fourth Amendment, it is not evident on the face of the Complaint. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and]

8

would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Even liberally construed, the Court can see no other cause of action upon which Plaintiff may have intended to base Claim I.

### C. Claims II and VIII.

Plaintiffs' second and eighth claims raise similar issues. In the second claim, Mr. Bradley alleges he contracted MRSA and was treated for this condition by medical department personnel. He does not specify the constitutional right he believes the Defendants violated. It is possible he may be attempting to assert either a claim for deliberate indifference to serious medical needs, or a claim of cruel and unusual punishment based on the conditions of his confinement. In the eighth claim, Plaintiffs object to conditions within the Cuyahoga County Jail. They claim two inmates share a cell designed for one, which requires one inmate to sleep on a mattress on the floor. They allege this adds clutter to the floor and increases the risk of injury. They claim the jail has more inmates than the day rooms can accommodate at meal time, and inmates are therefore required to eat meals in their cells. They also contend that spoons and trays are washed but not sterilized after each use. Although they do not specify the legal basis for these claims, it also appears they are attempting to assert a claim for cruel and unusual punishment based on conditions of confinement.

Mr. Bradley was a pretrial detainee when these claims arose. The Complaint does not specify whether Mr. Davis is in the Cuyahoga County jail serving a sentence or whether he was also a detainee awaiting trial. While the Eighth Amendment protects inmates from cruel and unusual punishment, its protections apply specifically to post-conviction inmates. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992). The Due Process Clause of the Fourteenth

Amendment operates to guarantee those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment.  Plaintiffs must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will rise to the level of a constitutional violation. *Id.* at 9.  Plaintiffs must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth and Fourteenth Amendments only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Bradley fails to establish the objective component of either potential cause of action that can be construed from the second claim.  He has not pled facts which reasonably suggest these defendants were deliberately indifferent to his serious medical needs. Mr. Bradley alleges he was taken right away to the prison infirmary and was treated there for over a month.  He does not allege

he was deprived of proper medical care.  In addition, his Complaint does not describe the conditions in the jail which he believes led to his infection.  Mr. Bradley alleges only that he contracted MRSA in the shower.  He does not explain how the prison conditions caused him to become ill.  Mr. Bradley has not alleged facts to suggest he was subjected to the type of extreme conditions which are needed to sustain a cause of action under the Fourteenth Amendment.

Similarly, the conditions described in Plaintiffs' eighth claim fail to establish the objective component.  An Eighth Amendment or Fourteenth Amendment claim is stated where an inmate is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson*, 501 U.S. at 298; *Hudson*, 503 U.S. at 8; *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996).  In sum, the constitution affords protection against conditions of confinement which constitute serious health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999).  An odorous cell without amenities does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment.  *See Knop v. Johnson,* 977 F.2d 996, 1012-19 (6th Cir.1992); *see also Chandler v. Chapleau*, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996).  While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347.  Although Plaintiffs may have been subjected to uncomfortable conditions, they do not  allege with any specificity that they were denied essential food, basic sanitation, or safe temperatures.

11

Moreover, Plaintiffs have not satisfied the subjective element of these claims.  In order to establish a claim under the Eighth Amendment, they must also show the Defendants acted with deliberate indifference or with a conscious disregard of a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 835-837 (1994).  An official acts with deliberate indifference when he acts with criminal recklessness, obduracy or wantonness.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Inadvertence,  good faith error, or mere negligence will not suffice.  *Farmer v. Brennan*, 511 U.S. at 835-36.  Mr. Bradley does not allege any of the Defendants was aware of his medical condition or treatment.  Furthermore, Plaintiffs do not set forth facts to suggest Mr. Mason, as the County Prosecutor, was aware of the conditions within the jail.  While Mr. Reid and Mr. Shobert have a more direct connection with jail operations, Plaintiffs have not alleged these Defendants were aware of the condition of the showers or the food service sterilization practices.  There is no indication in the Complaint that the Defendants acted with a state of mind sufficient to trigger Eighth Amendment scrutiny.

### D.  Claims III, IV, V and VII.

Plaintiffs' third, fourth, fifth, and seventh causes of action all assert claims which collaterally attack their criminal prosecutions.  They claim they were denied due process and the effective assistance of counsel when their attorneys requested and were granted continuances of their trials without first consulting with them.  They contend they were deprived of their rights to a speedy trial when those continuances were granted by the court.  They assert they were denied due process when their attorneys waived their preliminary hearings and were denied the right to confront witnesses against them.  Finally, they claim they were "over-indicted" and had charges added to their indictments after their arrests.  They do not allege results of their criminal proceedings.

12

If the criminal proceedings are on-going, this Court cannot address claims which will directly impact the course of those cases.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.  *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

If their criminal cases are still active, all three factors supporting abstention are present in this case.  The claims asserted by Mr. Bradley and Mr. Davis in their third, fourth, fifth, and seventh claims are clearly the subject of state court criminal matters, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45.  Furthermore, neither Plaintiff has alleged the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims.  Consequently, this Court must abstain from intervening in the Cuyahoga County Court of Common Pleas proceedings.

13

If the Plaintiffs' criminal cases have concluded, they must allege that they were resolved in their favor.  A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  The holding in *Heck* applies whether the Plaintiffs seek injunctive, declaratory or monetary relief.  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Plaintiffs' third, fourth, fifth, and seventh claims raise issues which, if found to have merit, would call into question the validity of their convictions.  As such, they must also allege their convictions were declared invalid by either an Ohio state court or a federal habeas corpus decision.  There is no indication in the Complaint that either of the Plaintiffs was acquitted, or otherwise had the charges against him resolved in his favor.  Absent this allegation, they cannot proceed with their third, fourth, fifth, and seventh causes of action.

### E.  Claim VI

In addition, Plaintiffs allege the Cuyahoga County Jail has no library available to detainees.  They contend this could lead to a denial of due process in a criminal trial if an inmate chooses to represent himself.  They also assert they were denied equal protection of the law, because other county jails have law libraries within their facilities.

In every federal case, the party bringing the suit must establish standing to prosecute the action.  The question of standing requires the Plaintiffs to establish that they are entitled to have the Court decide the merits of the dispute or of particular issues.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  At a minimum, standing to raise a constitutional claim requires three elements.  First, the Plaintiffs must have suffered an "injury in fact."  They must have experienced an invasion of a

14

legally protected interest which is both concrete and particularized, and actual or imminent. *Id.* at 508; *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n. 16 (1972); *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  The injury cannot be conjectural or hypothetical.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992).  Second, there must be a causal connection between the injury and the conduct committed by the Defendants. *Id.* at 561.  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.*  The party invoking federal jurisdiction bears the burden of establishing these elements.  *Id.*

In the present case, Plaintiffs have not established standing to assert these claims.  They indicate the lack of a law library could result in a deprivation of due process if a detainee is exercising the right of self-representation and does not otherwise have access to legal materials.  They do not allege either of them experienced these injuries.  They base this claim on what could happen under certain circumstances.  Plaintiffs have not suffered an injury in fact, and lack standing to assert these claims.

Furthermore, the lack of a law library does not per se deny the accused due process.  The Fourteenth Amendment is satisfied if a pre-trial detainee has the assistance of an attorney during the course of his criminal trial. *United States v. Smith,* 907 F.2d 42, 44 (6th Cir.1990).  There are no allegations in the Complaint suggesting either Plaintiff was proceeding without the benefit of counsel, or that they were in some specific way denied due process during criminal proceedings because they did not have personal access to a law library.

In addition, the jail's law library policy does not deny equal protection to the Plaintiffs.  Merely treating two groups differently does not violate the Equal Protection Clause.  *Rawls v. Sundquist*, No. 96-5931, 1997 WL 211289, at *1 (6th Cir. Apr. 28, 1997).  The Constitution does

15

not require absolutely equal treatment of all similarly situated persons, or the absolutely equal division of governmental benefits. *Ross v. Moffitt*, 417 U.S. 600, 612 (1974).  In the absence of a deprivation of a fundamental right or deprivation based on a suspect classification, equal protection requires differing governmental treatment of groups or individuals to be based on no more than a rational relationship to a legitimate state purpose. *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

Prisoners and pre-trial detainees are not a suspect class; therefore, the Court must determine whether Plaintiffs were deprived of a fundamental right. A fundamental right is one that is explicitly or implicitly guaranteed by the Constitution.  *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 33 (1973). The right of access to the courts is a fundamental right protected by the constitution. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir.1995). The right of access guarantees access to the courts, not necessarily access to an adequate prison law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985).  Because Plaintiff's claim for law library is not explicitly or implicitly guaranteed by the Constitution, it is not a fundamental right.  Therefore, the prison's policy need only bear a rational relationship to a legitimate state interest. *City of Cleburne*, 473 U.S. at 440.  That is, only if the court can find no set of facts which could possibly support the distinction drawn by the government will it overturn state action. *McGowan v. Maryland*, 366 U.S. 420, 426 (1961).  Removal of the law library is a means of reducing expenses.  Controlling costs is a legitimate state interest.  *Yaacov v. Collins,*  649 F.Supp.2d 679, 688 (N.D.Ohio 2009).  The jail's law library policy is rationally related to this state interest and does not violate the Fourteenth Amendment.

### F.  Claim IX

Finally, Plaintiffs allege African Americans receive disparate treatment in arrest,

16

confinement, charging offenses, and plea bargain opportunities.  Once again, it is not clear that Plaintiff have standing to assert this claim.  There are no allegations in the Complaint that suggest they suffered an "injury in fact" which is both concrete and particularized, and imminent.  *Warth*, 422 U.S. at 498.  They have not alleged a harm that a favorable judgment will redress. *See Lujan*, 504 U.S. at 560- 561.  Instead, Plaintiffs set forth a generalized grievance which does not meet the case in controversy requirement for Article III standing.  *Warth*, 422 U.S. at 500.

### IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED**.**

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 20, 2011

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

17